IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PFIZER INC. and PF PRISM IMB B.V.   )
   )
      Plaintiffs,   )
   )
     v.   )   C.A. No. _____
   )
CHANGZHOU PHARMACEUTICAL   )
FACTORY   )
      Defendant.   )

## COMPLAINT

Plaintiffs Pfizer Inc. and PF PRISM IMB B.V. (collectively, "Plaintiffs"), by their undersigned attorneys, for their Complaint against Defendant Changzhou Pharmaceutical Factory ("Changzhou" or "Defendant"), allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, and in particular under 35 U.S.C. § 271, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, arising from Changzhou's submission of Abbreviated New Drug Application ("ANDA") No. 221267 to the United States Food and Drug Administration ("FDA"), seeking approval to commercially market a generic version of Plaintiffs' CIBINQO (abrocitinib) tablets, prior to the expiration of United States Patent Nos. 9,035,074 ("the '074 patent"), 9,545,405 ("the '405 patent"), and 9,549,929 ("the '929 patent") (collectively, the "Patents-in-Suit").

## THE PARTIES

2. Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the

State of Delaware and having a place of business at 66 Hudson Boulevard East, New York, NY 10001.

3. Plaintiff PF PRISM IMB B.V. is a private limited company (*besloten venootschap*) organized under the law of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands.

4. Upon information and belief, Defendant Changzhou Pharmaceutical Factory is a corporation organized under the laws of China, and has a principal place of business at No. 518 Laodong East Road Changzhou, Jiangsu, 213018 China.

5. Upon information and belief, Changzhou develops, manufactures, markets, and distributes generic pharmaceutical products for sale throughout the United States.

**THE PATENTS-IN-SUIT**

6. On May 19, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '074 patent, entitled "Pyrrolo[2,3-D]Pyrimidine Derivates." A copy of the '074 patent is attached to this Complaint as Exhibit A.

7. Pfizer Inc. is the owner and assignee of the '074 patent.

8. PF PRISM IMB B.V. is the exclusive licensee of the '074 patent.

9. On January 17, 2017, the USPTO duly and legally issued the '405 patent, entitled "Pyrrolo[2,3-D]Pyrimidine Derivates." A copy of the '405 patent is attached to this Complaint as Exhibit B.

10. Pfizer Inc. is the owner and assignee of the '405 patent.

11. PF PRISM IMB B.V. is the exclusive licensee of the '405 patent.

2

12. On January 24, 2017, the USPTO duly and legally issued the '929 patent, entitled "Pyrrolo[2,3-D]Pyrimidine Derivates."  A copy of the '929 patent is attached to this Complaint as Exhibit C.

13. Pfizer Inc. is the owner and assignee of the '929 patent.

14. PF PRISM IMB B.V. is the exclusive licensee of the '929 patent.

## CIBINQO®

15. Pfizer Inc. holds approved New Drug Application No. 213871 for 50 mg, 100 mg, and 200 mg abrocitinib tablets, which are sold under the registered name CIBINQO®.

16. CIBINQO® tablets are approved for the treatment of adult and pediatric patients 12 years of age and older with refractory, moderate-to-severe atopic dermatitis.

17. Pursuant to 21 U.S.C. § 355(c)(2), and attendant FDA regulations, the '074 patent, the '405 patent, and the '929 patent are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to CIBINQO®.

## CHANGZHOU'S ANDA

18. By letter dated March 17, 2026 (the "Notice Letter"), Changzhou notified Pfizer Inc. that it has submitted ANDA No. 221267 to the FDA pursuant to 21 U.S.C. § 355(j), seeking approval for Abrocitinib tablets, 50 mg, 100 mg, and 200 mg (the "Changzhou ANDA Product"), prior to the expiration of the Patents-in-Suit.

19. Upon information and belief, the Changzhou ANDA Product is a generic copy of CIBINQO®.

20. In the Notice Letter, Changzhou represents that it has certified to the FDA pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the '074 patent, the '405 patent, and the '929 patent "are invalid, unenforceable, or will not be infringed by the manufacture, use, or sale of Changzhou's

ANDA Product for which Changzhou has submitted its ANDA" (the "Paragraph IV Certification").

21.     The Notice Letter included a detailed statement purporting to allege the legal and factual basis for Changzhou's Paragraph IV Certification with respect to the Patents-in-Suit ("Detailed Statement").

22.     Upon information and belief, if the FDA approves Changzhou's ANDA No. 221267, Changzhou will manufacture, distribute, import, offer for sale, and/or sell the Changzhou ANDA Product throughout the United States, including within the State of Delaware.

23.     This action is being filed within 45 days of Plaintiffs' receipt of Changzhou's Notice Letter.

## JURISDICTION AND VENUE

24.     This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgement Act, 28 U.S.C. §§ 2201-2202.

25.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

26.     This court has personal jurisdiction over Changzhou by virtue of, *inter alia*, its regular transaction and/or solicitation of business in this State and its systematic and continuous contacts with the State of Delaware.  Upon information and belief, Changzhou manufactures, markets, imports, and/or sells generic drugs throughout the United States and in this judicial district.  Furthermore, by continuously placing its products into the stream of commerce for distribution and consumption in Delaware, and throughout the United States, Changzhou has purposefully conducted and continues to conduct business within this judicial district, and this

judicial district is a likely destination of Changzhou's ANDA Product upon approval of Changzhou's ANDA No. 221267.

27.     Upon information and belief, Changzhou is the holder of ANDA No. 221267.

28.     Upon information and belief, Changzhou prepared and submitted ANDA No. 221267 seeking approval to market the Changzhou ANDA Product throughout the United States, including in the State of Delaware.

29.     Upon information and belief, Changzhou has previously been sued in this judicial district and has not contested personal jurisdiction in this judicial district. *See, e.g., Adverio Pharma GmbH et al. v. Changzhou Pharmaceutical Factory et al.,* C.A. No. 25-479-GBW (D. Del.); *Pfizer Inc. et al. v. Changzhou Pharmaceutical Factory,* C.A. No. 24-623-CFC (D. Del.); *AstraZeneca AB et al. v. Changzhou Pharmaceutical Factory*, C.A. No. 21-1284-RGA (D. Del.).

30.     Venue is proper in this district under 28 U.S.C. § 1391(c)(3) because, upon information and belief, Changzhou is not a resident of the United States and may thus be sued in any judicial district.

## COUNT I
### (Infringement of the '074 patent)

31.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-30 of this Complaint.

32.     Changzhou's submission of ANDA No. 221267, with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), by which Changzhou seeks FDA approval to engage in the commercial manufacture, use, sale, offer to sell, or importation of the Changzhou ANDA Product prior to the expiration of the '074 patent, constituted an act of infringement of the '074 patent under 35 U.S.C. § 271(e)(2)(A).

33. Upon information and belief, Changzhou actively and knowingly caused to be submitted, assisted with, participated in, encouraged, contributed to, aided and abetted, and/or directed the preparation and submission of ANDA No. 221267.

34. Changzhou's commercial manufacture, sale, offer for sale, or use of the Changzhou ANDA Product within the United States, or importation of the Changzhou ANDA Product into the United States, during the term of the '074 patent would infringe one or more claims of the '074 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents. In its Notice Letter and accompanying Detailed Statement, Changzhou does not contest infringement of one or more claims of the '074 patent.

35. Upon information and belief, Changzhou has acted with full knowledge of the '074 patent and without a reasonable basis for believing that Changzhou would not be liable for infringement of the '074 patent. Notwithstanding this knowledge, Changzhou has continued to assert its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Changzhou ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 221267. Upon information and belief, through such activities, Changzhou specifically intends infringement of the '074 patent.

36. Upon information and belief, if the FDA approves ANDA No. 221267, Changzhou plans and intends to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '074 patent, and will do so immediately and imminently upon approval.

37. Upon information and belief, Changzhou knows that Changzhou's ANDA Product is especially made or adapted for use in infringing the '074 patent, and that Changzhou's ANDA Product is not suitable for any substantial non-infringing use.

38.     Plaintiffs will be harmed substantially and irreparably if Changzhou is not enjoined from infringing the '074 patent.

39.     Plaintiffs have no adequate remedy at law.

40.     Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT II
### (Declaratory Judgement of Infringement of the '074 Patent)

41.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-40 of this Complaint.

42.     Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Changzhou will infringe, actively induce infringement of, and/or contribute to the infringement of the '074 patent upon approval of the Changzhou ANDA Product.

43.     Changzhou's commercial manufacture, sale, offer for sale, or use of the Changzhou ANDA Product within the United States, or importation of the Changzhou ANDA Product into the United States, during the term of the '074 patent would infringe one or more claims of the '074 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.  In its Notice Letter and accompanying Detailed Statement, Changzhou does not contest infringement of one or more claims of the '074 patent.

44.     Upon information and belief, Changzhou has acted with full knowledge of the '074 patent and without a reasonable basis for believing that Changzhou would not be liable for infringement of the '074 patent.  Notwithstanding this knowledge, Changzhou has continued to assert its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Changzhou ANDA Product with its proposed labeling

immediately and imminently upon approval of ANDA No. 221267. Upon information and belief, through such activities, Changzhou specifically intends infringement of the '074 patent.

45.     Upon information and belief, if the FDA approves Changzhou's ANDA No. 221267, Changzhou plans and intends to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '074 patent, and will do so immediately and imminently upon approval.

46.     Upon information and belief, Changzhou knows that Changzhou's ANDA Product is especially made or adapted for use in infringing the '074 patent, and that Changzhou's ANDA Product is not suitable for any substantial non-infringing use.

47.     Thus, there is a substantial and immediate controversy between Plaintiffs and Changzhou concerning infringement of the '074 patent.

48.     Plaintiffs will be harmed substantially and irreparably if Changzhou is not enjoined from infringing the '074 patent.

49.     Plaintiffs have no adequate remedy at law.

50.     Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT III**
**(Infringement of the '405 patent)**

51.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-50 of this Complaint.

52.     Changzhou's submission of ANDA No. 221267, with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), by which Changzhou seeks FDA approval to engage in the commercial manufacture, use, sale, offer to sell, or importation of the Changzhou ANDA Product

prior to the expiration of the '405 patent, constituted an act of infringement of the '405 patent under 35 U.S.C. § 271(e)(2)(A).

53.    Upon information and belief, Changzhou actively and knowingly caused to be submitted, assisted with, participated in, encouraged, contributed to, aided and abetted, and/or directed the preparation and submission of ANDA No. 221267.

54.    Changzhou's commercial manufacture, sale, offer for sale, or use of the Changzhou ANDA Product within the United States, or importation of the Changzhou ANDA Product into the United States, during the term of the '405 patent would infringe one or more claims of the '405 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.  In its Notice Letter and accompanying Detailed Statement, Changzhou does not contest infringement of one or more claims of the '405 patent.

55.    Upon information and belief, Changzhou has acted with full knowledge of the '405 patent and without a reasonable basis for believing that Changzhou would not be liable for infringement of the '405 patent.  Notwithstanding this knowledge, Changzhou has continued to assert its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Changzhou ANDA Product with its proposed labeling immediately and imminently upon approval of Changzhou's ANDA No. 221267.  Upon information and belief, through such activities, Changzhou specifically intends infringement of the '405 patent.

56.    Upon information and belief, if the FDA approves Changzhou's ANDA No. 221267, Changzhou plans and intends to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '405 patent, and will do so immediately and imminently upon approval.

57. Upon information and belief, Changzhou knows that Changzhou's ANDA Product is especially made or adapted for use in infringing the '405 patent, and that Changzhou's ANDA Product is not suitable for any substantial non-infringing use.

58. Plaintiffs will be harmed substantially and irreparably if Changzhou is not enjoined from infringing the '405 patent.

59. Plaintiffs have no adequate remedy at law.

60. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT IV
### (Declaratory Judgement of Infringement of the '405 Patent)

61. Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-60 of this Complaint.

62. Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Changzhou will infringe, actively induce infringement of, and/or contribute to the infringement of the '405 patent upon approval of the Changzhou ANDA Product.

63. Changzhou's commercial manufacture, sale, offer for sale, or use of the Changzhou ANDA Product within the United States, or importation of the Changzhou ANDA Product into the United States, during the term of the '405 patent would infringe one or more claims of the '405 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents. In its Notice Letter and accompanying Detailed Statement, Changzhou does not contest infringement of one or more claims of the '405 patent.

64. Upon information and belief, Changzhou has acted with full knowledge of the '405 patent and without a reasonable basis for believing that Changzhou would not be liable for infringement of the '405 patent. Notwithstanding this knowledge, Changzhou has continued to

assert its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Changzhou ANDA Product with its proposed labeling immediately and imminently upon approval of Changzhou' ANDA No. 221267. Upon information and belief, through such activities, Changzhou specifically intends infringement of the '405 patent.

65. Upon information and belief, if the FDA approves Changzhou's ANDA No. 221267, Changzhou plans and intends to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '405 patent, and will do so immediately and imminently upon approval.

66. Upon information and belief, Changzhou knows that Changzhou's ANDA Product is especially made or adapted for use in infringing the '405 patent, and that Changzhou's ANDA Product is not suitable for any substantial non-infringing use.

67. Thus, there is a substantial and immediate controversy between Plaintiffs and Changzhou concerning infringement of the '405 patent.

68. Plaintiffs will be harmed substantially and irreparably if Changzhou is not enjoined from infringing the '405 patent.

69. Plaintiffs have no adequate remedy at law.

70. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT V**
**(Infringement of the '929 Patent)**

71. Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-70 of this Complaint.

11

72. Changzhou's submission of ANDA No. 221267, with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), by which Changzhou seeks FDA approval to engage in the commercial manufacture, use, sale, offer to sell, or importation of the Changzhou ANDA Product prior to the expiration of the '929 patent, constituted an act of infringement of the '929 patent under 35 U.S.C. § 271(e)(2)(A).

73. Upon information and belief, Changzhou actively and knowingly caused to be submitted, assisted with, participated in, encouraged, contributed to, aided and abetted, and/or directed the preparation, submission, and maintenance of ANDA No. 221267.

74. Changzhou's commercial manufacture, sale, offer for sale, or use of the Changzhou ANDA Product within the United States, or importation of the Changzhou ANDA Product into the United States, during the term of the '929 patent would infringe one or more claims of the '929 patent under 35 U.S.C. §§ 271(b) and/or (c), either literally or under the doctrine of equivalents. Upon information and belief, the proposed labeling for the Changzhou ANDA Product will instruct physicians and patients to use the Changzhou ANDA Product to treat atopic dermatitis in a manner that infringes one or more claims of the '929 patent. Furthermore, in its Notice Letter and accompanying Detailed Statement, Changzhou does not contest infringement of one or more claims of the '929 patent.

75. Upon information and belief, Changzhou has acted with full knowledge of the '929 patent and without a reasonable basis for believing that Changzhou would not be liable for infringement of the '929 patent. Notwithstanding this knowledge, Changzhou has continued to assert its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Changzhou ANDA Product with its proposed labeling

immediately and imminently upon approval of the Changzhou ANDA.  Upon information and belief, through such activities, Changzhou specifically intends infringement of the '929 patent.

76.    Upon information and belief, if the FDA approves Changzhou's ANDA No. 221267, Changzhou plans and intends to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '929 patent, and will do so immediately and imminently upon approval.

77.    Upon information and belief, Changzhou knows that Changzhou's ANDA Product is especially made or adapted for use in infringing the '929 patent, and that Changzhou's ANDA Product is not suitable for any substantial non-infringing use.

78.    Plaintiffs will be harmed substantially and irreparably if Changzhou is not enjoined from infringing the '929 patent.

79.    Plaintiffs have no adequate remedy at law.

80.    Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT VI
### (Declaratory Judgement of Infringement of the '929 Patent)

81.    Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-80 of this Complaint.

82.    Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Changzhou will infringe, actively induce infringement of, and/or contribute to the infringement of the '929 patent upon approval of the Changzhou ANDA Product.

83.    Changzhou's commercial manufacture, sale, offer for sale, or use of the Changzhou ANDA Product within the United States, or importation of the Changzhou ANDA Product into the United States, during the term of the '929 patent would infringe one or more claims of the '929

patent under 35 U.S.C. §§ 271(b) and/or (c), either literally or under the doctrine of equivalents. Upon information and belief, the proposed labeling for the Changzhou ANDA Product will instruct physicians and patients to use the Changzhou ANDA Product to treat atopic dermatitis in a manner that infringes one or more claims of the '929 patent.  Furthermore, in its Notice Letter and accompanying Detailed Statement, Changzhou does not contest infringement of one or more claims of the '929 patent.

84.    Upon information and belief, Changzhou has acted with full knowledge of the '929 patent and without a reasonable basis for believing that Changzhou would not be liable for infringement of the '929 patent.  Notwithstanding this knowledge, Changzhou has continued to assert its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Changzhou ANDA Product with its proposed labeling immediately and imminently upon approval of Changzhou's ANDA No. 221267.   Upon information and belief, through such activities, Changzhou specifically intends infringement of the '929 patent.

85.    Upon information and belief, if the FDA approves Changzhou's ANDA No. 221267, Changzhou plans and intends to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '929 patent, and will do so immediately and imminently upon approval.

86.    Upon information and belief, Changzhou knows that Changzhou's ANDA Product is especially made or adapted for use in infringing the '929 patent, and that Changzhou's ANDA Product is not suitable for any substantial non-infringing use.

87.    Thus, there is a substantial and immediate controversy between Plaintiffs and Changzhou concerning infringement of the '929 patent.

14

88.     Plaintiffs will be harmed substantially and irreparably if Changzhou is not enjoined from infringing the '929 patent.

89.     Plaintiffs have no adequate remedy at law.

90.     Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.     A judgment that Changzhou has infringed the Patents-in-Suit pursuant to 35 U.S.C. § 271(e)(2)(A) by submitting to the FDA and maintaining ANDA No. 221267;

B.     A judgment declaring that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Changzhou's ANDA Product will directly infringe, induce and/or contribute to infringement of the Patents-in-Suit under 35 U.S.C. § 271(a), (b), and/or (c);

C.     An order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of approval of ANDA No. 221267 shall be a date not earlier than the expiration of the Patents-in-Suit, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

D.     A judgment pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 preliminarily and permanently enjoining Changzhou, their officers, agents, servants, and employees, and those persons acting in privity or concert with them, from manufacturing, using, offering to sell, or selling Changzhou's ANDA Product within the United States, or importing Changzhou's ANDA Product into the United States, prior to the expiration of the Patents-in-Suit, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

15

E.      If Changzhou commercially manufactures, uses, offers to sell, or sells the Changzhou ANDA Product within the United States, or imports the Changzhou ANDA Product into the United States, prior to the expiration of the Patents-in-Suit, including any extensions, a judgment awarding damages to Plaintiffs resulting from such infringement, together with interest;

F.      A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiffs their attorneys' fees incurred in this action;

G.      A judgment awarding Plaintiffs costs and expenses incurred in this action; and

H.      Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

OF COUNSEL:

Elizabeth Holland
John P. Scheibeler
Amit H. Thakore
Ryan Curiel
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY  10020
(212) 819-8200

April 16, 2026

Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs Pfizer Inc. and*
*PF PRISM IMB B.V.*

16