**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| PFIZER INC., PF PRISM IMB B.V.,<br><br>Plaintiffs,<br><br>v.<br><br>CHANGZHOU PHARMACEUTICAL FACTORY,<br><br>Defendant. | C.A. No. 26-440-JLH |

**DEFENDANT CHANGZHOU PHARMACEUTICAL FACTORY'S**
**ANSWER TO COMPLAINT AND ADDITIONAL DEFENSES**

Defendant Changzhou Pharmaceutical Factory ("Changzhou" or "Defendant"), by its attorneys, hereby submits its Answer and Additional Defenses to the Complaint filed by Plaintiffs Pfizer Inc. and PF PRISM IMB B.V. (collectively "Plaintiffs"). Changzhou denies all allegations in Plaintiffs' Complaint, except those expressly admitted below.

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, and in particular under 35 U.S.C. § 271, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, arising from Changzhou's submission of Abbreviated New Drug Application ("ANDA") No. 221267 to the United States Food and Drug Administration ("FDA"), seeking approval to commercially market a generic version of Plaintiffs' CIBINQO (abrocitinib) tablets, prior to the expiration of United States Patent Nos. 9,035,074 ("the '074 patent"), 9,545,405 ("the '405 patent"), and 9,549,929 ("the '929 patent") (collectively, the "Patents-in-Suit").

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an action for infringement arising from, *inter alia*, Changzhou's submission of Abbreviated New Drug Application ("ANDA") No. 221267 for its proposed abrocitinib tablets referring to Plaintiffs'

CIBINQO® products and United States Patent Nos. 9,035,074 ("the '074 patent"), 9,545,405 ("the '405 patent"), and 9,549,929 ("the '929 patent") (collectively, the "Patents-in-Suit") under the patent laws of the United States. Changzhou denies the remaining allegations in this paragraph.

## THE PARTIES

2. Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 66 Hudson Boulevard East, New York, NY 10001.

**RESPONSE:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies those allegations.

3. Plaintiff PF PRISM IMB B.V. is a private limited company (*besloten venootschap*) organized under the law of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands.

**RESPONSE:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies those allegations.

4. Upon information and belief, Changzhou Pharmaceutical Factory is a corporation organized and existing under the laws of China, having a principal place of business at No. 518 Laodong East Road Changzhou, Jiangsu, 213018 China.

**RESPONSE:**

Admitted.

5. Upon information and belief, Changzhou develops, manufactures, markets, and distributes generic pharmaceutical products for sale throughout the United States.

**RESPONSE:**

Changzhou admits that it develops, manufactures and/or markets pharmaceutical products and that it submitted ANDA No. 221267 to the FDA seeking approval to manufacture and sell its

2

proposed abrocitinib tablets prior to the expiration of the Patents-in-Suit. Changzhou denies the remaining allegations in this paragraph.

## THE PATENTS-IN-SUIT

6. On May 19, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '074 patent, entitled "Pyrrolo[2,3-D]Pyrimidine Derivates." A copy of the '074 patent is attached to this Complaint as Exhibit A.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that a purported copy of the '074 patent was attached as Exhibit A to the Complaint and that on its face the '074 patent is entitled "Pyrrolo[2,3-D]Pyrimidine Derivatives," bearing a date of patent of May 19, 2015. Changzhou denies that the '074 patent was duly and legally issued and further denies any suggestion that the '074 patent is valid or enforceable. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

7. Pfizer Inc. is the owner and assignee of the '074 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that according to the information published by the USPTO, Pfizer Inc. is the current assignee of the '074 patent. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

8. PF PRISM IMB B.V. is the exclusive licensee of the '074 patent.

**RESPONSE:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of

3

the remaining allegations of this paragraph and, therefore, denies those allegations.

9. On January 17, 2017, the USPTO duly and legally issued the '405 patent, entitled "Pyrrolo[2,3-D]Pyrimidine Derivates." A copy of the '405 patent is attached to this Complaint as Exhibit B.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that a purported copy of the '405 patent was attached as Exhibit B to the Complaint and that on its face the '405 patent is entitled "Pyrrolo[2,3-D]Pyrimidine Derivatives," bearing a date of patent of January 17, 2017.  Changzhou denies that the '405 patent was duly and legally issued and further denies any suggestion that the '405 patent is valid or enforceable. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

10. Pfizer Inc. is the owner and assignee of the '405 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that according to the information published by the USPTO, Pfizer Inc. is the current assignee of the '405 patent. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

11. PF PRISM IMB B.V. is the exclusive licensee of the '405 patent.

**RESPONSE:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

12. On January 24, 2017, the USPTO duly and legally issued the '929 patent, entitled "Pyrrolo[2,3-D]Pyrimidine Derivates." A copy of the '929 patent is attached to this Complaint as Exhibit C.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that a purported copy of the '929 patent was attached as Exhibit C to the Complaint and that on its face the '929 patent is entitled "Pyrrolo[2,3-D]Pyrimidine Derivatives," bearing a date of patent of January 24, 2017. Changzhou denies that the '929 patent was duly and legally issued and further denies any suggestion that the '929 patent is valid or enforceable. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

13. Pfizer Inc. is the owner and assignee of the '929 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that according to the information published by the USPTO, Pfizer Inc. is the current assignee of the '929 patent. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

14. PF PRISM IMB B.V. is the exclusive licensee of the '929 patent.

**RESPONSE:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

**CIBINQO®**

15. Pfizer Inc. holds approved New Drug Application No. 213871 for 50 mg, 100 mg, and 200 mg abrocitinib tablets, which are sold under the registered name CIBINQO®.

**RESPONSE:**

Changzhou admits that according to the information published by the FDA, Pfizer Inc. is the holder of New Drug Application No. 213871 for 50 mg, 100 mg, and 200 mg abrocitinib tablets, sold under the registered name CIBINQO®.  Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

16. CIBINQO® tablets are approved for the treatment of adult and pediatric patients 12 years of age and older with refractory, moderate-to-severe atopic dermatitis.

**RESPONSE:**

Changzhou admits that the current label for NDA No. 213871 published by the FDA provides:

> **1  INDICATIONS AND USAGE**
>
> CIBINQO is indicated for the treatment of adults and pediatric patients 12 years of age and older with refractory, moderate-to-severe atopic dermatitis whose disease is not adequately controlled with other systemic drug products, including biologics, or when use of those therapies is inadvisable.
>
> Limitations of Use
> CIBINQO is not recommended for use in combination with other JAK inhibitors, biologic immunomodulators, or other immunosuppressants.

Changzhou denies the remaining allegations in this paragraph.

17. Pursuant to 21 U.S.C. § 355(c)(2), and attendant FDA regulations, the '074 patent, the '405 patent, and the '929 patent are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to CIBINQO®.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that the '074 patent, the '405 patent, and the '929 patent are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to CIBINQO®.  Changzhou denies the remaining

6

allegations in this paragraph.

## CHANGZHOU'S ANDA

18. By letter dated March 17, 2026 (the "Notice Letter"), Changzhou notified Pfizer Inc. that it has submitted ANDA No. 221267 to the FDA pursuant to 21 U.S.C. § 355(j), seeking approval for Abrocitinib tablets, 50 mg, 100 mg, and 200 mg (the "Changzhou ANDA Product"), prior to the expiration of the Patents-in-Suit.

**RESPONSE:**

Changzhou admits that it sent Pfizer Inc. a letter dated March 17, 2026 notifying Pfizer Inc. that Changzhou had submitted to the FDA ANDA No. 221267 for Changzhou's proposed abrocitinib tablets 50 mg, 100 mg, and 200 mg ("Changzhou ANDA Product"), seeking approval prior to the expiration of the Patents-in-Suit. Changzhou denies the remaining allegations in this paragraph.

19. Upon information and belief, the Changzhou ANDA Product is a generic copy of CIBINQO®.

**RESPONSE:**

Changzhou admits that its ANDA No. 221267 refers to CIBINQO® as the reference listed drug. Changzhou denies the remaining allegations in this paragraph.

20. In the Notice Letter, Changzhou represents that it has certified to the FDA pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the '074 patent, the '405 patent, and the '929 patent "are invalid, unenforceable, or will not be infringed by the manufacture, use, or sale of Changzhou's ANDA Product for which Changzhou has submitted its ANDA" (the "Paragraph IV Certification").

**RESPONSE:**

Changzhou admits that its Notice Letter provides that "Changzhou has certified with the FDA pursuant to § 505(j)(2)(A)(vii)(IV) of the Act and 21 C.F.R. § 314.94(a)(12)(i)(A)(4) ("Paragraph IV Certification") that the '074, '405, and '929 patents are invalid, unenforceable, or will not be infringed by the manufacture, use, or sale of Changzhou's ANDA Product for which Changzhou has submitted its ANDA." Changzhou denies the remaining allegations in this

paragraph.

21. The Notice Letter included a detailed statement purporting to allege the legal and factual basis for Changzhou's Paragraph IV Certification with respect to the Patents-in-Suit ("Detailed Statement").

**RESPONSE:**

Changzhou admits that its Notice Letter included a detailed statement of the legal and factual basis for the Paragraph IV Certification with respect to the Patents-in-Suit. Changzhou denies the remaining allegations in this paragraph.

22. Upon information and belief, if the FDA approves Changzhou's ANDA No. 221267, Changzhou will manufacture, distribute, import, offer for sale, and/or sell the Changzhou ANDA Product throughout the United States, including within the State of Delaware.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 221267 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the Patents-in-Suit. Changzhou denies the remaining allegations in this paragraph.

23. This action is being filed within 45 days of Plaintiffs' receipt of Changzhou's Notice Letter.

**RESPONSE:**

Admitted.

**JURISDICTION AND VENUE**

24. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgement Act, 28 U.S.C. §§ 2201-2202.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that this action purportedly arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgement Act, 28 U.S.C. §§ 2201-2202.  Changzhou denies the remaining allegations of this paragraph.

25. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou does not contest subject matter jurisdiction solely for the limited purposes of this action only. Changzhou denies the remaining allegations of this paragraph.

26. This court has personal jurisdiction over Changzhou by virtue of, *inter alia*, its regular transaction and/or solicitation of business in this State and its systematic and continuous contacts with the State of Delaware. Upon information and belief, Changzhou manufactures, markets, imports, and/or sells generic drugs throughout the United States and in this judicial district. Furthermore, by continuously placing its products into the stream of commerce for distribution and consumption in Delaware, and throughout the United States, Changzhou has purposefully conducted and continues to conduct business within this judicial district, and this judicial district is a likely destination of Changzhou's ANDA Product upon approval of Changzhou's ANDA No. 221267.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou does not contest personal jurisdiction solely for the limited purposes of this action only. Changzhou denies that Changzhou is subject to the jurisdiction of the Delaware courts or this court by virtue of any alleged business in or contact with the State of Delaware and Changzhou denies the remaining allegations of this paragraph.

27. Upon information and belief, Changzhou is the holder of ANDA No. 221267.

**RESPONSE:**

Changzhou admits that it is the holder of ANDA No. 221267.

28. Upon information and belief, Changzhou prepared and submitted ANDA No. 221267 seeking approval to market the Changzhou ANDA Product throughout the United States, including in the State of Delaware.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 221267 seeking the FDA approval to

9

market the Changzhou ANDA Product in the United States. Changzhou denies the remaining allegations of this paragraph.

29. Upon information and belief, Changzhou has previously been sued in this judicial district and has not contested personal jurisdiction in this judicial district. *See, e.g., Adverio Pharma GmbH et al. v. Changzhou Pharmaceutical Factory et al.,* C.A. No. 25-479-GBW (D. Del.); *Pfizer Inc. et al. v. Changzhou Pharmaceutical Factory,* C.A. No. 24-623-CFC (D. Del.); *AstraZeneca AB et al. v. Changzhou Pharmaceutical Factory*, C.A. No. 21-1284-RGA (D. Del.).

**RESPONSE:**

Changzhou admits that it has previously been sued in this judicial district in *Adverio Pharma GmbH et al. v. Changzhou Pharmaceutical Factory et al.,* C.A. No. 25-479-GBW (D. Del.); *Pfizer Inc. et al. v. Changzhou Pharmaceutical Factory,* C.A. No. 24-623-CFC (D. Del.); and *AstraZeneca AB et al. v. Changzhou Pharmaceutical Factory*, C.A. No. 21-1284-RGA (D. Del.) and did not contest personal jurisdiction in these actions solely for the limited purposes of each of those actions only. Changzhou denies the remaining allegations of this paragraph.

30. Venue is proper in this district under 28 U.S.C. § 1391(c)(3) because, upon information and belief, Changzhou is not a resident of the United States and may thus be sued in any judicial district.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou does not contest venue solely for the limited purposes of this action only. Changzhou denies the remaining allegations of this paragraph.

## COUNT I
### (Infringement of the '074 Patent)

31. Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-30 of this Complaint.

**RESPONSE:**

Changzhou incorporates each of its responses to the allegations of paragraphs 1-30 as if

10

fully set forth herein.

32. Changzhou's submission of ANDA No. 221267, with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), by which Changzhou seeks FDA approval to engage in the commercial manufacture, use, sale, offer to sell, or importation of the Changzhou ANDA Product prior to the expiration of the '074 patent, constituted an act of infringement of the '074 patent under 35 U.S.C. § 271(e)(2)(A).

**<u>RESPONSE:</u>**

This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that it submitted ANDA No. 221267 with the Paragraph IV Certification to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the '074 patent. Changzhou denies the remaining allegations in this paragraph.

33. Upon information and belief, Changzhou actively and knowingly caused to be submitted, assisted with, participated in, encouraged, contributed to, aided and abetted, and/or directed the preparation and submission of ANDA No. 221267.

**<u>RESPONSE:</u>**

Changzhou admits that it submitted ANDA No. 221267 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the Patents-in-Suit. Changzhou denies the remaining allegations in this paragraph.

34. Changzhou's commercial manufacture, sale, offer for sale, or use of the Changzhou ANDA Product within the United States, or importation of the Changzhou ANDA Product into the United States, during the term of the '074 patent would infringe one or more claims of the '074 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents. In its Notice Letter and accompanying Detailed Statement, Changzhou does not contest infringement of one or more claims of the '074 patent.

**<u>RESPONSE:</u>**

This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that it submitted ANDA No. 221267 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the

11

Patents-in-Suit and that its Notice Letter included a detailed statement of the legal and factual basis for the Paragraph IV Certification with respect to the Patents-in-Suit. Changzhou denies any infringement of the '074 patent and the remaining allegations in this paragraph.

35. Upon information and belief, Changzhou has acted with full knowledge of the '074 patent and without a reasonable basis for believing that Changzhou would not be liable for infringement of the '074 patent. Notwithstanding this knowledge, Changzhou has continued to assert its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Changzhou ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 221267. Upon information and belief, through such activities, Changzhou specifically intends infringement of the '074 patent.

**RESPONSE:**

Changzhou admits that it was aware of the '074 patent before it submitted ANDA No. 221267 with the Paragraph IV Certification to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the Patents-in-Suit. Changzhou denies any infringement of the '074 patent or any intent to infringe the '074 patent and the remaining allegations in this paragraph.

36. Upon information and belief, if the FDA approves ANDA No. 221267, Changzhou plans and intends to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '074 patent, and will do so immediately and imminently upon approval.

**RESPONSE:**

Denied.

37. Upon information and belief, Changzhou knows that Changzhou's ANDA Product is especially made or adapted for use in infringing the '074 patent, and that Changzhou's ANDA Product is not suitable for any substantial non-infringing use.

**RESPONSE:**

Denied.

38. Plaintiffs will be harmed substantially and irreparably if Changzhou is not enjoined from infringing the '074 patent.

**RESPONSE:**

Denied.

39. Plaintiffs have no adequate remedy at law.

**RESPONSE:**

Denied.

40. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

**RESPONSE:**

Denied.

## COUNT II
### (Declaratory Judgement of Infringement of the '074 Patent)

41. Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-40 of this Complaint.

**RESPONSE:**

Changzhou incorporates each of its responses to the allegations of paragraphs 1-40 as if

fully set forth herein.

42. Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Changzhou will infringe, actively induce infringement of, and/or contribute to the infringement of the '074 patent upon approval of the Changzhou ANDA Product.

**RESPONSE:**

Denied.

43. Changzhou's  commercial manufacture, sale, offer for sale, or use of the Changzhou ANDA Product within the United States, or importation of the Changzhou ANDA Product into the United States, during the term of the '074 patent would infringe one or more claims of the '074 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents. In its Notice Letter and accompanying Detailed Statement, Changzhou does not contest infringement of one or more claims of the '074 patent.

**RESPONSE:**

13

This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that it submitted ANDA No. 221267 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the Patents-in-Suit and that its Notice Letter included a detailed statement of the legal and factual basis for the Paragraph IV Certification with respect to the Patents-in-Suit. Changzhou denies any infringement of the '074 patent and the remaining allegations in this paragraph.

44. Upon information and belief, Changzhou has acted with full knowledge of the '074 patent and without a reasonable basis for believing that Changzhou would not be liable for infringement of the '074 patent. Notwithstanding this knowledge, Changzhou has continued to assert its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Changzhou ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 221267. Upon information and belief, through such activities, Changzhou specifically intends infringement of the '074 patent.

**RESPONSE:**

Changzhou admits that it was aware of the '074 patent before it submitted ANDA No. 221267 with the Paragraph IV Certification to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the Patents-in-Suit. Changzhou denies any infringement of the '074 patent or any intent to infringe the '074 patent and the remaining allegations in this paragraph.

45. Upon information and belief, if the FDA approves ANDA No. 221267, Changzhou plans and intends to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '074 patent, and will do so immediately and imminently upon approval.

**RESPONSE:**

Denied.

46. Upon information and belief, Changzhou knows that Changzhou's ANDA Product is especially made or adapted for use in infringing the '074 patent, and that Changzhou's ANDA Product is not suitable for any substantial non-infringing use.

**RESPONSE:**

14

Denied.

47. Thus, there is a substantial and immediate controversy between Plaintiffs and Changzhou concerning infringement of the '074 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an action for infringement with respect to the '074 patent. Changzhou denies the remaining allegations of this paragraph.

48. Plaintiffs will be harmed substantially and irreparably if Changzhou is not enjoined from infringing the '074 patent.

**RESPONSE:**

Denied.

49. Plaintiffs have no adequate remedy at law.

**RESPONSE:**

Denied.

50. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

**RESPONSE:**

Denied.

**COUNT III**
**(Infringement of the '405 Patent)**

51. Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-50 of this Complaint.

**RESPONSE:**

Changzhou incorporates each of its responses to the allegations of paragraphs 1-50 as if fully set forth herein.

52. Changzhou's submission of ANDA No. 221267, with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), by which Changzhou seeks FDA approval to engage in the commercial manufacture, use, sale, offer to sell, or importation of the Changzhou ANDA Product prior to the expiration of the '405 patent, constituted an act of infringement of the '405 patent under 35 U.S.C. § 271(e)(2)(A).

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that it submitted ANDA No. 221267 with the Paragraph IV Certification to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the '405 patent. Changzhou denies the remaining allegations in this paragraph.

53. Upon information and belief, Changzhou actively and knowingly caused to be submitted, assisted with, participated in, encouraged, contributed to, aided and abetted, and/or directed the preparation and submission of ANDA No. 221267.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 221267 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the Patents-in-Suit. Changzhou denies the remaining allegations in this paragraph.

54. Changzhou's commercial manufacture, sale, offer for sale, or use of the Changzhou ANDA Product within the United States, or importation of the Changzhou ANDA Product into the United States, during the term of the '405 patent would infringe one or more claims of the '405 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents. In its Notice Letter and accompanying Detailed Statement, Changzhou does not contest infringement of one or more claims of the '405 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that it submitted ANDA No. 221267 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the Patents-in-Suit and that its Notice Letter included a detailed statement of the legal and factual basis

16

for the Paragraph IV Certification with respect to the Patents-in-Suit. Changzhou denies any infringement of the '405 patent and the remaining allegations in this paragraph.

55. Upon information and belief, Changzhou has acted with full knowledge of the '405 patent and without a reasonable basis for believing that Changzhou would not be liable for infringement of the '405 patent. Notwithstanding this knowledge, Changzhou has continued to assert its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Changzhou ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 221267. Upon information and belief, through such activities, Changzhou specifically intends infringement of the '405 patent.

**RESPONSE:**

Changzhou admits that it was aware of the '405 patent before it submitted ANDA No. 221267 with the Paragraph IV Certification to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the Patents-in-Suit. Changzhou denies any infringement of the '405 patent or any intent to infringe the '405 patent and the remaining allegations in this paragraph.

56. Upon information and belief, if the FDA approves ANDA No. 221267, Changzhou plans and intends to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '405 patent, and will do so immediately and imminently upon approval.

**RESPONSE:**

Denied.

57. Upon information and belief, Changzhou knows that Changzhou's ANDA Product is especially made or adapted for use in infringing the '405 patent, and that Changzhou's ANDA Product is not suitable for any substantial non-infringing use.

**RESPONSE:**

Denied.

58. Plaintiffs will be harmed substantially and irreparably if Changzhou is not enjoined from infringing the '405 patent.

**RESPONSE:**

Denied.

17

59. Plaintiffs have no adequate remedy at law.

**RESPONSE:**

Denied.

60. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

**RESPONSE:**

Denied.

## COUNT IV
## (Declaratory Judgement of Infringement of the '405 Patent)

61. Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-60 of this Complaint.

**RESPONSE:**

Changzhou incorporates each of its responses to the allegations of paragraphs 1-60 as if fully set forth herein.

62. Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Changzhou will infringe, actively induce infringement of, and/or contribute to the infringement of the '405 patent upon approval of the Changzhou ANDA Product.

**RESPONSE:**

Denied.

63. Changzhou's  commercial manufacture, sale, offer for sale, or use of the Changzhou ANDA Product within the United States, or importation of the Changzhou ANDA Product into the United States, during the term of the '405 patent would infringe one or more claims of the '405 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents. In its Notice Letter and accompanying Detailed Statement, Changzhou does not contest infringement of one or more claims of the '405 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that it submitted ANDA No. 221267 to the FDA seeking

approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the

Patents-in-Suit and that its Notice Letter included a detailed statement of the legal and factual basis

for the Paragraph IV Certification with respect to the Patents-in-Suit. Changzhou denies any

infringement of the '405 patent and the remaining allegations in this paragraph.

64. Upon information and belief, Changzhou has acted with full knowledge of the '405 patent and without a reasonable basis for believing that Changzhou would not be liable for infringement of the '405 patent. Notwithstanding this knowledge, Changzhou has continued to assert its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Changzhou ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 221267. Upon information and belief, through such activities, Changzhou specifically intends infringement of the '405 patent.

**RESPONSE:**

Changzhou admits that it was aware of the '405 patent before it submitted ANDA No.

221267 with the Paragraph IV Certification to the FDA seeking approval to manufacture and sell

Changzhou's ANDA Product prior to the expiration of the Patents-in-Suit. Changzhou denies any

infringement of the '405 patent or any intent to infringe the '405 patent and the remaining

allegations in this paragraph.

65. Upon information and belief, if the FDA approves ANDA No. 221267, Changzhou plans and intends to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '405 patent, and will do so immediately and imminently upon approval.

**RESPONSE:**

Denied.

66. Upon information and belief, Changzhou knows that Changzhou's ANDA Product is especially made or adapted for use in infringing the '405 patent, and that Changzhou's ANDA Product is not suitable for any substantial non-infringing use.

**RESPONSE:**

Denied.

67. Thus, there is a substantial and immediate controversy between Plaintiffs and Changzhou concerning infringement of the '405 patent.

19

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an action for infringement with respect to the '405 patent.  Changzhou denies the remaining allegations of this paragraph.

68. Plaintiffs will be harmed substantially and irreparably if Changzhou is not enjoined from infringing the '405 patent.

**RESPONSE:**

Denied.

69. Plaintiffs have no adequate remedy at law.

**RESPONSE:**

Denied.

70. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

**RESPONSE:**

Denied.

**COUNT V**
**(Infringement of the '929 Patent)**

71. Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-70 of this Complaint.

**RESPONSE:**

Changzhou incorporates each of its responses to the allegations of paragraphs 1-70 as if fully set forth herein.

72. Changzhou's submission of ANDA No. 221267, with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), by which Changzhou seeks FDA approval to engage in the commercial manufacture, use, sale, offer to sell, or importation of the Changzhou ANDA Product prior to

20

the expiration of the '929 patent, constituted an act of infringement of the '929 patent under 35 U.S.C. § 271(e)(2)(A).

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that it submitted ANDA No. 221267 with the Paragraph IV Certification to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the '929 patent. Changzhou denies the remaining allegations in this paragraph.

73. Upon information and belief, Changzhou actively and knowingly caused to be submitted, assisted with, participated in, encouraged, contributed to, aided and abetted, and/or directed the preparation and submission of ANDA No. 221267.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 221267 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the Patents-in-Suit. Changzhou denies the remaining allegations in this paragraph.

74. Changzhou's commercial manufacture, sale, offer for sale, or use of the Changzhou ANDA Product within the United States, or importation of the Changzhou ANDA Product into the United States, during the term of the '929 patent would infringe one or more claims of the '929 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents. In its Notice Letter and accompanying Detailed Statement, Changzhou does not contest infringement of one or more claims of the '929 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that it submitted ANDA No. 221267 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the Patents-in-Suit and that its Notice Letter included a detailed statement of the legal and factual basis

for the Paragraph IV Certification with respect to the Patents-in-Suit. Changzhou denies any infringement of the '929 patent and the remaining allegations in this paragraph.

75. Upon information and belief, Changzhou has acted with full knowledge of the '929 patent and without a reasonable basis for believing that Changzhou would not be liable for infringement of the '929 patent. Notwithstanding this knowledge, Changzhou has continued to assert its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Changzhou ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 221267. Upon information and belief, through such activities, Changzhou specifically intends infringement of the '929 patent.

**RESPONSE:**

Changzhou admits that it was aware of the '929 patent before it submitted ANDA No. 221267 with the Paragraph IV Certification to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the Patents-in-Suit. Changzhou denies any infringement of the '929 patent or any intent to infringe the '929 patent and the remaining allegations in this paragraph.

76. Upon information and belief, if the FDA approves ANDA No. 221267, Changzhou plans and intends to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '929 patent, and will do so immediately and imminently upon approval.

**RESPONSE:**

Denied.

77. Upon information and belief, Changzhou knows that Changzhou's ANDA Product is especially made or adapted for use in infringing the '929 patent, and that Changzhou's ANDA Product is not suitable for any substantial non-infringing use.

**RESPONSE:**

Denied.

78. Plaintiffs will be harmed substantially and irreparably if Changzhou is not enjoined from infringing the '929 patent.

**RESPONSE:**

Denied.

22

79. Plaintiffs have no adequate remedy at law.

**RESPONSE:**

Denied.

80. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

**RESPONSE:**

Denied.

**COUNT VI**
**(Declaratory Judgement of Infringement of the '929 Patent)**

81. Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-80 of this Complaint.

**RESPONSE:**

Changzhou incorporates each of its responses to the allegations of paragraphs 1-80 as if fully set forth herein.

82. Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Changzhou will infringe, actively induce infringement of, and/or contribute to the infringement of the '929 patent upon approval of the Changzhou ANDA Product.

**RESPONSE:**

Denied.

83. Changzhou's commercial manufacture, sale, offer for sale, or use of the Changzhou ANDA Product within the United States, or importation of the Changzhou ANDA Product into the United States, during the term of the '929 patent would infringe one or more claims of the '929 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents. In its Notice Letter and accompanying Detailed Statement, Changzhou does not contest infringement of one or more claims of the '929 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that it submitted ANDA No. 221267 to the FDA seeking

23

approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the

Patents-in-Suit and that its Notice Letter included a detailed statement of the legal and factual basis

for the Paragraph IV Certification with respect to the Patents-in-Suit. Changzhou denies any

infringement of the '929 patent and the remaining allegations in this paragraph.

84. Upon information and belief, Changzhou has acted with full knowledge of the '929 patent and without a reasonable basis for believing that Changzhou would not be liable for infringement of the '929 patent. Notwithstanding this knowledge, Changzhou has continued to assert its intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Changzhou ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 221267. Upon information and belief, through such activities, Changzhou specifically intends infringement of the '929 patent.

**RESPONSE:**

Changzhou admits that it was aware of the '929 patent before it submitted ANDA No.

221267 with the Paragraph IV Certification to the FDA seeking approval to manufacture and sell

Changzhou's ANDA Product prior to the expiration of the Patents-in-Suit. Changzhou denies any

infringement of the '929 patent or any intent to infringe the '929 patent and the remaining

allegations in this paragraph.

85. Upon information and belief, if the FDA approves ANDA No. 221267, Changzhou plans and intends to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '929 patent, and will do so immediately and imminently upon approval.

**RESPONSE:**

Denied.

86. Upon information and belief, Changzhou knows that Changzhou's ANDA Product is especially made or adapted for use in infringing the '929 patent, and that Changzhou's ANDA Product is not suitable for any substantial non-infringing use.

**RESPONSE:**

Denied.

87. Thus, there is a substantial and immediate controversy between Plaintiffs and Changzhou concerning infringement of the '929 patent.

24

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an action for infringement with respect to the '929 patent. Changzhou denies the remaining allegations of this paragraph.

88. Plaintiffs will be harmed substantially and irreparably if Changzhou is not enjoined from infringing the '929 patent.

**RESPONSE:**

Denied.

89. Plaintiffs have no adequate remedy at law.

**RESPONSE:**

Denied.

90. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

**RESPONSE:**

Denied.

## GENERAL DENIAL

Changzhou denies each allegation of the Complaint not expressly admitted.

## CHANGZHOU'S RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Changzhou denies that Plaintiffs are entitled to any of requested relief against Changzhou set forth in A-H in the Complaint.

## CHANGZHOU'S ADDITIONAL DEFENSES

Without prejudice to the admissions and denials set forth in its Answer, and without admitting any allegations of the Complaint not expressly admitted, Changzhou asserts the

25

following defenses to the Complaint without any admissions as to the burden of proof on any such defense.

**FIRST ADDITIONAL DEFENSE**
**(Non-Infringement of the '074 Patent)**

Changzhou has not infringed, is not infringing, and will not infringe any valid and enforceable claim of the '074 patent.

**SECOND ADDITIONAL DEFENSE**
**(Invalidity of the '074 Patent)**

Each and every claim of the '074 patent is invalid for failure to comply with at least 35 U.S.C. §§ 101, 102, 103 and/or 112, or other judicially-created bases for invalidity.

**THIRD ADDITIONAL DEFENSE**
**(Non-Infringement of the '405 Patent)**

Changzhou has not infringed, is not infringing, and will not infringe any valid and enforceable claim of the '405 patent.

**FOURTH ADDITIONAL DEFENSE**
**(Invalidity of the '405 Patent)**

Each and every claim of the '405 patent is invalid for failure to comply with at least 35 U.S.C. §§ 101, 102, 103 and/or 112, or other judicially-created bases for invalidity.

**FIFTH ADDITIONAL DEFENSE**
**(Non-Infringement of the '929 Patent)**

Changzhou has not infringed, is not infringing, and will not infringe any valid and enforceable claim of the '929 patent.

**SIXTH ADDITIONAL DEFENSE**
**(Invalidity of the '929 Patent)**

Each and every claim of the '929 patent is invalid for failure to comply with at least 35 U.S.C. §§ 101, 102, 103 and/or 112, or other judicially-created bases for invalidity.

26

**SEVENTH ADDITIONAL DEFENSE**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief against Changzhou may be granted.

**EIGHTH ADDITIONAL DEFENSE**
**(Additional Defenses)**

Any additional defenses or counterclaims that discovery may reveal.

**CHANGZHOU'S PRAYER FOR RELIEF**

Changzhou respectfully requests that this Court enter judgment in its favor and against Plaintiffs as follows:

A. Dismissing the Complaint with prejudice and denying each and every requested relief against Changzhou, and declaring that Plaintiffs take nothing thereby;

B. Finding that each and every claim of the '074 patent is invalid and/or was not, is not, and will not be infringed by Changzhou;

C. Finding that each and every claim of the '405 patent is invalid and/or was not, is not, and will not be infringed by Changzhou;

D. Finding that each and every claim of the '929 patent is invalid and/or was not, is not, and will not be infringed by Changzhou;

E. Declaring that Plaintiffs are not entitled to any injunctive remedy against Changzhou for any of the '074, '405, and '929 patents;

F. Awarding Changzhou its costs and expenses in this action;

G. Declaring that this case is exceptional under 35 U.S.C. § 285, and awarding to Changzhou its reasonable attorneys' fees; and

H. Awarding to Changzhou such further relief this Court may deem just, proper, or equitable.

27

Dated: June 22, 2026

*Of Counsel:*

H. Howard Wang
**RIMON, P.C.**
100 Overlook Center, 2nd Floor
Princeton, NJ 08540
(609) 931-4994
howard.wang@rimonlaw.com

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Defendant Changzhou*
*Pharmaceutical Factory*